UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CELESTINE DANTZLER, | : |
| | :Civil Action No. 3:16-CV-2107 |
| Plaintiff, | : |
| | :(JUDGE MARIANI) |
| v. | :(Chief Magistrate Judge Schwab) |
| | : |
| ANDREW SAUL, | : |
| Commissioner of Social Security,[1] | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

In the R&R under consideration here, Chief Magistrate Judge Schwab concluded that the Commissioner's final decision should be vacated and the above-captioned matter should be remanded for further consideration of Plaintiff's mental health impairments and related matters. (Doc. 19 at 19-20.) The Chief Magistrate Judge particularly found that the ALJ's rationale for rejecting an examining mental health source's opinion was "fatally terse" (*id.* at 17) and he did not properly analyze mental health evidence (*id.* at 18). Defendant objects to these determinations, asserting that substantial evidence supports the ALJ's decision to give no weight to the consultative mental health examiner. (Doc. 20 at 3-7.) The Court concludes that Defendant's objections are without merit.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Commissioner Andrew Saul is automatically substituted as the named defendant in place of the former Acting Commissioner of Social Security, Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party").

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Defendant's objections having been timely filed, the Court conducts *de novo* review of the specific R&R findings to which he objects. Thus, the Court will consider the Chief Magistrate Judge's conclusions that the ALJ did not properly consider the mental health opinion evidence and did not analyze probative evidence of record related to Plaintiff's mental health impairments.

Regarding the evaluation of opinion evidence, regulations provide that more weight is generally given to an examining source than to a non-examining source. 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). They also provide that

> [t]he more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their medical opinions will depend on the degree to which they provide supporting explanations for their medical

2

opinions. We will evaluate the degree to which these medical opinions consider all of the pertinent evidence in your claim, including medical opinions of treating and other examining sources.

20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Importantly, an ALJ must analyze all probative evidence and set out the reasons for his decision. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119-20 (3d Cir. 2000) (citations omitted). If he has not done so and has not sufficiently explained the weight given to all probative exhibits, "to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Dobrowolsky*, 606 F.2d at 406. In *Cotter v. Harris*, 642 F.2d 700 (3d Cir. 1981), the Circuit Court clarified that the ALJ must not only state the evidence considered which supports the result but also indicate what evidence was rejected: "Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Id.* at 706-07.

Insofar as Defendant now provides analysis or evidentiary support lacking in the ALJ's Decision (*see* Doc. 20 at 4-6), Defendant cannot now do what the ALJ should have done. *Fargnoli v. Halter*, 247 F.3d 34, 42 (3d Cir. 2001); *Dobrowolsky v. Califano*, 606 F.2d 403, 406-07 (3d Cir. 1979). Thus, the Court looks to the analysis contained in the ALJ's Decision to determine whether the relevant standards are satisfied.

ALJ Richard Zack set out a comprehensive summary of the examining mental health provider's evaluation (Doc. 10-2 at 25-26 (citing Ex. 6F generally [Doc. 10-15 at 2-10])) and provided a brief selective summary of Community Counseling Services' treatment notes (*id.* at 27 (citing Exs. D-12F, D-15F generally [Doc. 10-18 at 33-50, Doc. 10-19 at 81-85])). In his one-paragraph discussion of mental health opinion evidence, ALJ Zack did not provide specific reasons for rejecting findings proffered by the examining source but simply referenced a single, one-time GAF score from Community Counseling Services and noted that the agency evaluating source rejected the treating source's opinion as an overestimate of Plaintiff's limitations. (Doc. 10-2 at 28.) With no further evidentiary support or analysis, he conclusorily states that the evaluating source's opinion and notes from Community Counseling Services are given great weight and they "provide the basis" for his finding that the examining source's opinion is entitled to no weight.

Review of the ALJ's Decision clearly indicates that the mental health evidence review and opinion evidence evaluation contained in the residual functional capacity analysis do not comport with applicable regulatory provisions and well established Third Circuit guidance regarding the substantial evidence standard and the need for an adequate explanation of the weight assigned opinion evidence. (*See* Doc. 20 at 16-18.) Chief Magistrate Judge Schwab appropriately pointed to deficiencies in the ALJ's analysis of Plaintiff's mental health impairments, including probative evidence not considered and inadequate explanation of the ALJ's reasons for the weight he ascribed to mental health

4

opinion evidence (*see* Doc. 19 at 17-18). With his objections, Defendant recharacterizes the ALJ's Decision, provides rationales for the Decision not contained therein, and does not address fundamental flaws identified by the Chief Magistrate Judge. (*See* Doc. 20 at 4-7.) Defendant's objections do not demonstrate that the ALJ satisfied the relevant standards in his Decision or show error in the analysis contained in the R&R. Therefore, these objections will be overruled.

For the foregoing reasons, the R&R (Doc. 19) will be adopted, the Commissioner's decision will be vacated, and the case will be remanded to the Commissioner for further proceedings consistent with the analysis set out in the R&R. An appropriate Order will be filed simultaneously with this Memorandum Opinion.

_____
Robert D. Mariani
United States District Judge